COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

SHERRY LYNN KNIGHT

v.   Record No. 1190-95-1                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
MITCHELL L. LANEY                            JANUARY 11, 1996
AND
ROBERTA G. LANEY

                FROM THE CIRCUIT COURT OF YORK COUNTY
                   G. Duane Holloway, Judge Designate

            (Vicki Beard, on brief), for appellant.

            (James W. Elliott, on brief), for appellees.


     Sherry Lynn Knight appeals the decision of the circuit court
granting an interlocutory order of adoption.  The order granted
the petition of Mitchell L. Laney and Roberta G. Laney to adopt
Knight's infant daughter, Kayla Ashley Nicole Green.  In her
appeal, Knight contends that (1) the interlocutory order of
adoption is an appealable order; and (2) there was insufficient
evidence to support the circuit court's findings.  Upon reviewing
the record and briefs of the parties, we conclude that the
interlocutory order is an appealable order, but that the appeal
is without merit.  Accordingly, we summarily affirm the decision
of the trial court.  Rule 5A:27.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Appealable Interlocutory Order

Pursuant to Code § 17-116.05, the Court of Appeals has jurisdiction to hear an appeal from "[a]ny final judgment, order, or decree of a circuit court involving: . . . [a]doption."  Code § 17-116.05(3)(g).  The Court of Appeals also has jurisdiction to hear an appeal from "[a]ny interlocutory decree or order entered in any of the cases listed in this section . . . (ii) adjudicating the principles of a cause."  Id. § 17-116.05(4). The interlocutory order of adoption effectively resolved the issue between these parties.  Therefore, the interlocutory order of adoption was an appealable order.  See Watson v. Shepard, 217 Va. 538, 539, 229 S.E.2d 897, 898 (1976).

## Sufficiency of the Evidence

Under Code § 63.1-225(E) (1993), the consent of the natural parent to an adoption is required unless the court finds that the parent's consent "is withheld contrary to the best interests of the child."  "To so prove, the evidence must establish that the person withholding consent is acting prejudicially to the child's interest."  Frye v. Spotte, 4 Va. App. 530, 535-36, 359 S.E.2d 315, 319 (1987).

> A simple finding that adoption would promote the child's interest or that the adoptive parent could better provide for the child does not alone support the conclusion that consent was withheld contrary to the best interests of the child.  Not only must the adoption be in the child's best interest, but a continuation of the relationship between the nonconsenting parent and the child must be detrimental to the child's welfare.  If the relationship with the natural parent does

> not benefit the child, yet it is not shown to
> be detrimental, there is insufficient
> justification for granting an adoption over
> the objection of the natural parent.

Id. at 536, 359 S.E.2d at 319. An adoption over the parent's objection should not be granted except upon clear and convincing evidence. Id. at 532, 359 S.E.2d at 317. "[W]here the trial court's decision is based upon an ore tenus hearing, that decision is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Linkous v. Kingery, 10 Va. App. 45, 57, 390 S.E.2d 188, 194 (1990).

Kayla was born on February 3, 1992, and was placed in the Laneys' home in May 1992. As set out in the Statement of Facts, Kayla "was born prematurely with a positive drug screen for opiate, cocaine, metabolites and amphetamines, and . . . was addicted to cocaine, heroin and Xanax." Knight was incarcerated for felony drug convictions at the time of the petition hearing, and none of the parties at the hearing could state when Knight would be released. Knight also had given birth to another child while incarcerated. Knight provided no financial support or physical care for Kayla after March 28, 1992.

Knight opposed the adoption on the grounds that it was in Kayla's best interest to continue to have a relationship with her natural mother. However, the evidence showed that there was no relationship between Knight and Kayla after Kayla was placed in the custody of the Laneys. To the extent there had been a

3

relationship before that time, it had been demonstratively detrimental to Kayla's health and welfare.

> "Finding that the continuation of a poor, strained or nonexistent parent-child relationship will be detrimental to a child's future welfare is difficult. No one can divine with any assurance the future course of human events. Nevertheless, past actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold. Trial courts may, when presented with clear and convincing evidence, make an informed and rational judgment and determine that the continued relationship between a child and a non-consenting parent will be detrimental to the child's welfare."

Linkous, 10 Va. App. at 56, 390 S.E.2d at 194 (quoting Frye, 4 Va. App. at 536, 359 S.E.2d at 319).

The Laneys were found to be "financially able and morally suitable and proper persons to adequately maintain, care for and train" Kayla. The trial court found that clear and convincing evidence proved it was in Kayla's best interests to grant the Laneys' petition for adoption, and that a continued relationship with Knight was detrimental to Kayla's welfare. We cannot say that the trial court's decision was plainly wrong or without evidence to support it.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

4